## AFFIDAVIT OF ATF SPECIAL AGENT VANESSA FLICK

I, Special Agent Vanessa Flick depose and state as follows:

1.  I am a Special Agent with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I have been an ATF Special Agent since 2022, and during that time I have been involved in investigations of violations of federal firearm and controlled substance laws. Prior to my employment as Special Agent with the ATF, I was a Police Officer in the City of Seattle, WA for approximately twelve years. During my role as a Police Officer, I have made arrests for firearms and narcotics offenses. I also served as an Officer with the Seattle Police Department's East Precinct Anti-Crime Team ("ACT"); the team's primary function was to investigate narcotics activity within the East Precinct. The team's activities included proactive operations to identify and arrest individuals engaged in various levels of drug dealing. Currently, I am assigned to a group in the Boston Field Division of the ATF that, in part, works with other Federal, State, and Local Police Departments to investigate and prosecute violations of the Federal Firearms, Explosives, and Controlled Substance Laws.

2.  Based on my training and experience as an ATF Special Agent, I am familiar with federal firearms and narcotics laws. In this regard, I know that it is a violation of 18 U.S.C. § 922(g)(1) for a person who has been convicted in a court of a crime punishable by imprisonment for a term exceeding one year to possess a firearm or ammunition which had traveled in interstate or foreign commerce. I further know that it is a violation of 21 U.S.C. § 846 to conspire to distribute controlled substances. This affidavit is submitted in support of a complaint against defendants Jose PEREZ Jr. ("PEREZ") and Henry DEL RIO ("DEL RIO"). As set forth below, there is probable cause to believe that PEREZ has violated 21 U.S.C. § 846 and 18 U.S.C. §

922(g)(1). Along these lines, I am aware that PEREZ has been convicted in two separate federal cases in this District for which the crime was punishable by imprisonment for a term exceeding one year. I am further aware that PEREZ was previously convicted in this District of violating 18 U.S.C. § 922(g)(1) by being a felon in possession of a firearm. There is also probable cause to believe that DEL RIO has violated 21 U.S.C. § 846 by conspiring to distribute controlled substances with PEREZ.

3. The facts in this affidavit come from my review of oral and written reports by other law enforcement officers, records including information from database checks, and my training and experience. This affidavit is intended to show merely that there is probable cause for the requested arrest warrant and does not set forth all of my knowledge about this matter.

4. I am aware that both PEREZ and DEL RIO were targets in an ATF investigation that took place in approximately 2015-16. One part of the investigation involved the East Side Money Gang ("ESMG") a violent street gang that operated in Chelsea, MA, and surrounding communities. PEREZ was identified as trafficking firearms with ESMG members/associates. PEREZ was charged with Engaging in the Business of Dealing in Firearms Without a License in violation of 18 U.S.C. § 922(a)(1) in this District and pled guilty to that charge on or about August 29, 2017. I am aware that PEREZ is still on supervised release based on that conviction. PEREZ served a sentence of over one year incarceration for this federal conviction and thus there is probable cause to believe that PEREZ was aware that he had been convicted of a crime for which the potential sentence exceeded one year. DEL RIO was identified in the investigation as a member of ESMG and was charged with various federal offense in this District, including conspiring to distribute controlled substances. On or about February 21, 2018, DEL RIO pled

guilty to: (1) Conspiracy to Conduct Enterprise Affairs through a Pattern of Racketeering Activity in violation of 18 U.S.C. § 1962(d); (2) Conspiracy to Distribute Cocaine Base and Cocaine in violation of 21 U.S.C. § 846; (3) Conspiracy to Distribute Heroin in violation of 21 U.S.C. § 846; and (4) Possession of a Firearm with an Obliterated Serial Number in violation of 18 U.S.C. § 922(k). I believe that DEL RIO is still on federal supervised release based on this conviction.

5. On or about March 23, 2018, while PEREZ was on supervised release for the first case noted above, PEREZ was arrested by Massachusetts State Police ("MSP") troopers, along with his brother and an individual identified as Christian Garcia, in the area of Littleton, MA. The arrest took place after troopers recovered: (1) two small baggies of cocaine from PEREZ's person (these were packaged consistent with street-level distribution and contained 5.39 grams of cocaine); (2) approximately $1,285 in U.S. currency from PEREZ's person; (3) approximately a pound of marijuana from the trunk of the vehicle; and (4) two loaded handguns from the passenger compartment of the vehicle. Garcia was identified in the prior ATF investigation as being a member/associate of ESMG. The seizure of the loaded handguns and drugs was consistent with PEREZ and the other two individuals being involved in armed drug trafficking. PEREZ was charged in this District and, on or about October 24, 2020, pled guilty to (1) Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846, and (2) Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Due to his conviction pursuant to 18 U.S.C. § 922(g)(1), I believe that there is probable cause to support that PEREZ was aware of his federal prohibited status as a felon. I am aware that PEREZ is still on federal supervised release for this conviction.

6. On or about December 8, 2022, at approximately 10:49 p.m., Lexington Police Department ("LPD") officers attempted to stop a vehicle (a 2020 black Ford Explorer) for traffic violations in Lexington, MA. It was later determined that PEREZ was driving the Explorer and DEL RIO was the sole passenger. As set forth above, both PEREZ and DEL RIO are affiliated with ESMG, a violent street gang. The Explorer was determined by officers to have been leased by DEL RIO. The Explorer was initially observed travelling in an extremely high rate of speed through Lexington. PEREZ had a suspended license.

7. LPD officers attempted to stop the speeding vehicle driven by PEREZ. The Explorer accelerated and engaged in a high-speed flight from LPD officers. During this flight, per the LPD, the vehicle was traveling faster than 85 miles per hour on residential streets. LPD officers observed the Explorer appear to lose control and strike a Prius, which had at least one individual in it. The Explorer then crashed and came to a stop. Following the crash, a LPD officer observed both PEREZ and DEL RIO exit the vehicle. PEREZ exited from the drivers' door. As PEREZ exited the vehicle, the officer observed a handgun drop to the ground in the area of the drivers' side door. The handgun was subsequently identified as a Glock 34X 9mm semi-automatic handgun bearing serial number BMAR164. The handgun had a round in the chamber when it was recovered and was loaded with 10 rounds. The gun had been reported stolen in February 2022 in Boston. The Glock handgun was a firearm that had been manufactured outside of the Commonwealth of Massachusetts and therefore would have traveled in interstate or foreign commerce prior to the possession by PEREZ. Similarly, the ammunition in the handgun had been manufactured outside of the Commonwealth of Massachusetts and therefore would have traveled in interstate or foreign commerce prior to possession by PEREZ.

8. Both PEREZ and DEL RIO fled the vehicle and were chased by officers on foot. PEREZ and DEL RIO fled towards a nearby apartment complex. A pursuing LPD officer observed both PEREZ and DEL RIO trying to get over a fence near the apartment complex. When the officer observed PEREZ and DEL RIO at the fence, he saw the two actively reaching into their pockets. The officer was able to stop and arrest PEREZ. DEL RIO continued to flee.

9. DEL RIO was apprehended shortly thereafter by officers. When officers searched an area consistent with DEL RIO's flight path, they found two plastic baggies in different locations. The baggies' appearance and locations were consistent with having been discarded by DEL RIO. One baggie contained a whitish substance that was packaged in smaller plastic twists consistent with being packaged for street-level distribution. The substance recovered from that baggie was field-tested by officers and the result was consistent with the presence of cocaine. The baggie weighed approximately 63 grams. The second baggie also held smaller plastic twists with a brownish substance in them. Again, the smaller twists are consistent with street-level distribution. The substance recovered from that baggie was filed-tested by officers and the result was consistent with the presence of opiates. The baggie weighed approximately 53 grams.

10. Officers recovered a third baggie from the Explorer's passenger compartment in the central cup holder which was accessible by both PEREZ and DEL RIO. Like the other two baggies found in the flight path of DEL RIO, the larger baggie contained smaller twists with the whitish substance in them – consistent with packaging for distribution. The baggie weighed approximately 49 grams. The substance in the bag was field-tested and the test indicated the presence of cocaine in the substance. When PEREZ was searched pursuant to his arrest, officers

recovered approximately $2,139 in cash on his person.   DEL RIO had approximately $690 in cash on his person.

11.    Based on the above, I believe that probable cause exists that, on or about December 8, 2022, within the District of Massachusetts, PEREZ and DEL RIO conspired to distribute controlled substances in violation of 21 U.S.C. § 846 and PEREZ illegally possessed a firearm in violation of 18 U.S.C. § 922(g)(1).

Signed electronically and sworn to via telephone in accordance with Federal Rule of Criminal Procedure 4.1 on January 12, 2023.

*Vanessa Flick*
VANESSA FLICK
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me this 12th day of January, 2023.    In accordance with Fed. R. Crim. P. 4.1

3:26 p.m.

HON. DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE